**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**August 17, 2023**

# In the Court of Appeals of Georgia

A23A0914. STANALAND et al. v. McCRIMMON.

McFADDEN, Presiding Judge.

Donna and Danny Stanaland filed a complaint against Matthew McCrimmon, Jr. for personal injuries and loss of consortium. The trial court entered an order dismissing the complaint with prejudice on the basis of insufficiency of service of process because the Stanalands had not served McCrimmon within the statute of limitation. See OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues [and] actions for injuries to the person involving loss of consortium . . . shall be brought within four years after the right of action accrues").

The Stanalands filed this appeal, arguing that the trial court erred by dismissing Danny Stanaland's claim for loss of consortium because the statute of limitation had

not run. (They do not challenge the dismissal of Donna Stanaland's personal injury claim.) Although the trial court did not err by dismissing the claim for insufficiency of service of process — even if the statute of limitation had not run, as the Stanalands contend — the dismissal should have been without prejudice. So we vacate the trial court's order in part and remand for proceedings consistent with this opinion.

The Stanalands argue that the trial court erred by dismissing the loss of consortium claim with prejudice because the statute of limitation had not run on that claim. We hold that regardless of whether the statute of limitation had run, the trial court erred by dismissing the complaint with prejudice.

> A dismissal for insufficiency of service of process is a finding by the trial court that service was not perfected in a reasonable and diligent manner within the prescribed statute of limitation and is not a ruling that the plaintiff's action is, in fact, barred by the running of the statute of limitation. On such a motion to dismiss, the trial court cannot determine on the merits that the plaintiff's action is barred by the running of the statute of limitation. . . .

*Griffin v. Stewart*, 362 Ga. App. 669, 674 (2) (870 SE2d 3) (2022) (citation and punctuation omitted). The trial court erred by dismissing Danny Stanalands' claim with prejudice, and we vacate "this portion of the trial court's judgment, and remand with direction that the case be dismissed without prejudice" as to the loss of

2

consortium claim. Id. (This rule would also apply to the dismissal with prejudice of Donna Stanaland's personal injury claim, but the Stanalands do not enumerate the dismissal of that claim as error.) "In making this ruling, we, of course, express no opinion whatsoever on whether a refiling of the action would now be barred by the applicable statute of limitation." Id.

*Judgment vacated in part, and case remanded with direction. Brown and Markle, JJ., concur.*